UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBERT D. PAIGE,

 Petitioner,

v.                   Case No.: 8:11-cv-2202-T-24EAJ
                         8:08-cr-506-T-24EAJ

UNITED STATES OF AMERICA,

 Respondent.

---

**O R D E R**

  This cause is before the Court upon Petitioner Robert D. Paige's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. Section 2255 (Civ. Doc. No. 4). The Government filed a response in opposition to the motion. (Civ. Doc. No. 9.) Petitioner filed a reply. (Civ. Doc. No. 13.) For the reasons stated herein, the Court concludes that the petition must be denied.

**I. Background**

  In December of 2008, a federal grand jury indicted Petitioner for production of child pornography, in violation of 18 U.S.C. § 2251(b) (Count One), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two). Through his counsel, Petitioner moved to dismiss Count One of the indictment, arguing that § 2251(b) was facially unconstitutional because Congress exceeded the scope of its *Commerce Clause* authority in enacting the statute. The Court denied that motion.

Following a bench trial based on stipulated facts, the Court found Petitioner guilty as charged. On June 2, 2009, Petitioner was sentenced to 180 months imprisonment on Count One and 120 months imprisonment on Count Two to run concurrently.

Petitioner appealed his conviction and sentence on the grounds that § 2251(b) was facially unconstitutional, again arguing Congress exceeded its *Commerce Clause* authority in enacting the statute. He also argued that both §§ 2251(b) and 2252A were unconstitutional as applied in his case, because of an insufficient next between his conduct and interstate commerce. Furthermore, he argued that the 15-year statutory minimum sentence imposed on him violated the separation of powers doctrine. On April 27, 2010, the Eleventh Circuit affirmed. *United States v. Paige*, 604 F.3d 1268 (11th Cir. 2010). Petitioner filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 4, 2010.

On October 4, 2011, Petitioner timely filed his original § 2255 motion. With leave of Court, Petitioner filed an amended § 2255 motion, which is presently before the Court for consideration.

## II. Discussion

Petitioner moves to vacate his conviction and sentence on the ground that he received ineffective assistance of counsel as a result of his counsel's conflict of interest.[1] Petitioner raises the following claims concerning his counsel's ineffective assistance: (1) that his counsel lied to him about his ability to obtain another attorney; (2) that his counsel improperly advised him not to appear personally at his arraignment; (3) that his counsel was ineffective for filing the motion

---

[1]Claims of ineffective assistance of counsel are cognizable under 28 U.S.C. § 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). Furthermore, such claims are not procedurally defaulted. *Id.*

to dismiss Count One of the indictment, which the Court denied; (4) that, at sentencing, his counsel improperly advised him to "just go along" with the proceedings; (5) that his counsel was ineffective for raising the same argument for dismissal of Count One to the Eleventh Circuit, which that Court also rejected; and (6) that his counsel was ineffective for advising him to waive his right to a jury trial and submit to a non-jury, stipulated-facts trial.

The Sixth Amendment gives criminal defendants the right to the effective assistance of counsel. U.S. Const. Amend. VI. To vacate a conviction and sentence for ineffective assistance of counsel, the petitioner must demonstrate that his counsel's assistance fell below an objective standard of reasonable professional assistance, and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). To establish deficient performance, the petitioner must show that his counsel's performance was outside the wide range of professional assistance. *Chandler v. United States*, 218 F.3d 1305, 1313 n.12 (11th Cir. 2000) (en banc) (citations and quotations omitted). To establish prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

The burden is on the petitioner to demonstrate that he was denied the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984). If the petitioner fails to establish either the performance or prejudice prong, the Court need not address the remaining prong. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

Furthermore, in cases in which a petitioner alleges ineffective assistance of counsel based

3

on a conflict of interest, prejudice is presumed when the petitioner shows: (1) that his counsel actively represented conflicting interests; and (2) that an actual conflict of interest adversely affected his lawyer's performance. *Id.* at 692, 104 S. Ct. at 2067 (quotations omitted).

### A. Reason 1: That Counsel Lied to Petitioner About His Ability to Obtain New Counsel

Petitioner first argues that his counsel provided ineffective assistance when he lied to him about his ability to obtain new counsel. Petitioner asserts that, when he told his counsel that he would feel more comfortable with a different attorney, his counsel lied to him and told him that he could not change attorneys, as such a change would create a conflict of interest. Petitioner asserts that his counsel should have advised him to submit a motion to the Court to obtain a new attorney.

Petitioner has not established that his counsel was ineffective for improperly advising him about his ability to obtain new counsel. Petitioner never expressed his dissatisfaction with counsel to the Court, despite numerous opportunities to do so. Furthermore, Petitioner has not articulated what a new attorney could have done differently to represent him, nor has he shown how he was prejudiced by not receiving a new attorney. Accordingly, the Court rejects this argument.

### B. Reason 2: That Counsel Improperly Advised Petitioner Not to Appear Personally at His Arraignment

Next, Petitioner contends that his counsel provided ineffective assistance when he advised him that there was no need for Petitioner to appear personally at his arraignment, that counsel would enter a not guilty plea on his behalf, and that he should not worry, "as he would take care of everything." In his reply, Petitioner further argues that if he had been present at the

arraignment, he would have been better able to understand the charges against him and their consequences, and aid in his own defense.

Petitioner has not established that his counsel was ineffective for advising him not to appear personally at his arraignment. Petitioner executed a waiver of his appearance at the arraignment and an entry of his not guilty plea. (Cr. Dkt. 13.) Petitioner has not explained how his counsel's advise was deficient, or how he was prejudiced by not attending the arraignment in person. Accordingly, the Court rejects this argument.

**C.     Reason 3: That Counsel Was Ineffective for Filing a Motion to Dismiss Count One of the Indictment**

Next, Petitioner contends that his counsel provided ineffective assistance when he filed the motion to dismiss Count One of the indictment. He contends that, once the Court denied the motion to dismiss, his counsel "totally stopped presenting any kind of meaningful defense," and instead decided that "we would win on appeal." Petitioner claims that he expressed his concern over this strategy, and informed his counsel that his daughter, who was the victim of the crimes charged, wanted to "change her story[] to say that she fabricated the charges she brought against [him]." Petitioner claims that his counsel responded that it was "too late," that he should "just go along," and that they would win on appeal. In his reply, Petitioner further argues that his counsel should have known that the motion to dismiss would be denied because the Court's decision was consistent with controlling case law.

Petitioner has not established that his counsel was ineffective for pursuing the dismissal of Count One through a motion to dismiss. In the motion to dismiss, Petitioner's counsel made a good faith argument for the unconstitutionality of the statute at issue, with supporting citations to case law. At the time the motion was filed, the Eleventh Circuit had not previously considered a

5

*Commerce Clause* challenge to § 2251(b) in a published opinion–a fact which this Court noted in its order. (Crim. Dkt. No. 33, p. 4.) The fact that the Court ultimately denied that motion does not demonstrate that Petitioner's counsel was deficient in filing the motion. Furthermore, Petitioner has provided no evidence to substantiate his claim that his daughter wished to "change her story." Petitioner could have informed the Court of his daughter's intention to "change her story," but never did so. Accordingly, the Court rejects this argument.

D.     **Reason 4: That Counsel Provided Ineffective Assistance at Sentencing**

Next, Petitioner contends that his counsel provided ineffective assistance at sentencing. In particular, he contends that, when he told his counsel he did not understand, his counsel advised him to "just go along" with the proceedings, that "it [was] just a procedure," and that they will "get this over and win in [sic] appeal."

Petitioner has not established that his counsel provided ineffective assistance at sentencing. To the contrary, the transcript of the sentencing hearing reflects that Petitioner repeatedly expressed his regret over his conduct and acknowledged that he should be punished for that conduct. Petitioner stated to the Court, "I would like to apologize for the stupidity that has brought us all here today, uh, I feel horrible about it." He continued, "I failed as a father, as a husband, and as a person. I am sorry[.]" Furthermore, he stated, "[T]he pain that I've caused my family and everybody else is . . . extreme, and . . . I agree that I should get some kind of punishment for this." (Crim. Dkt. 61, p. 14.) Clearly, Petitioner understood the purpose of the sentencing hearing. He has failed to show how his counsel's performance was deficient, or how he was prejudiced by that performance. Accordingly, the Court rejects this argument.

E.     **Reason 5: That Counsel Provided Ineffective Assistance on Appeal**

6

Next, Petitioner contends that his counsel provided ineffective assistance on appeal, when he made the same argument to the Eleventh Circuit regarding the unconstitutionality of § 2251(b) that this Court previously denied on the motion to dismiss. Again, as stated above, Petitioner's counsel made a good faith argument that Congress exceeded the scope of its *Commerce Clause* authority in enacting the statute–an issue which the Eleventh Circuit had not previously addressed in a published opinion. The fact that Petitioner's counsel raised this issue to the appellate court does not constitute deficient performance. Accordingly, the Court rejects this argument.

### F. Reason 6: That Counsel Was Ineffective for Advising Petitioner to Submit to a Non-Jury, Stipulated-Facts Trial

Petitioner argues that his counsel was ineffective for advising him to waive his right to a jury trial and submit to a stipulated-facts trial. He contends that his counsel's conflict of interest deprived him of his right to counsel, his right to face his accusers, his right to a trial by jury, and his right to challenge the evidence. He asserts that his counsel's "failure to raise a defense, to perfect an appeal, to act as a advocate at sentencing are all due to [his counsel's] conflict of interest."

The transcript of the non-jury, stipulated-facts trial reveals that Petitioner knowingly waived his right to a jury trial in order preserve his argument concerning the constitutionality of § 2251(b) for appeal. During the March 12, 2009, trial, Petitioner and his counsel stated the following:

> The Court: [I]t's my understanding that you are maintaining your not-guilty plea, at least as to Count 1, perhaps also to Count . . . 2, and that we are going to have an abbreviated trial, . . . so that you can preserve your right to appeal a certain issue. . . . Is that your understanding of what's going to happen?

| Petitioner: | Yes, ma'am. |
| --- | --- |
| . . . | |
| The Court: | Mr. Paige intends to appeal and to appeal only, however, as to Count 1 and only as to the constitutionality of that statute. However, he is maintaining his not-guilty plea as to both Counts 1 and 2; is that right? |
| Counsel: | . . . [Y]es, that's correct. And, again, not because he's denying any of the facts or denying responsibility on Count 2, just to ensure that he isn't waiving his appellate rights with respect to Count 1. |

(Crim. Dkt. 51, p. 5-6, 10.)

The Court then proceeded to discuss Petitioner's jury trial waiver. First, the Court read the waiver to Petitioner, and then asked the following questions:

| The Court: | Did you sign the waiver of right to trial by jury? |
| --- | --- |
| Petitioner: | Yes–yes, ma'am. |
| The Court: | And before you signed it, did you discuss it with [your counsel]? |
| Petitioner: | Yes, ma'am, I did. |
| The Court: | Okay. And you said earlier about your not knowing a lot about legal procedure, but you understand that you are giving up your right to a trial by jury? |
| Petitioner: | Yes, ma'am. I don't feel I should waste their time. |
| The Court: | Okay, and that is—well, despite the fact you don't feel that way, that's a right you have. That's a constitutional right that you have to be tried by 12 citizens of the community; and if you waive that right and let me be the decision-maker here, there will be no jury trial. Do you understand that? |
| Petitioner: | Yes, ma'am. |
| The Court: | Do you have any questions you want to ask me about that? |
| Petitioner: | No, ma'am. I do not. |
| The Court: | Okay. I have no problem in—in bringing a jury in and letting a jury hear the facts of this case; and in that instance, there would be witnesses that would be called. The Government would have to prove this case beyond a reasonable doubt to a jury. They would have to unanimously decide you were guilty for you to be convicted. Those are rights—constitutional rights that you have. Now, you can waive them, but those are rights that you have, and you're waiving them by signing this waiver of right to trial by jury. Do you understand that? |
| Petitioner: | Yes, ma'am. |
| The Court: | Has anybody promised you or threatened you in any way or offered you anything to get you to do this? |

| | |
|---|---|
| Petitioner: | No, ma'am. |
| The Court: | And that's your desire to do this? |
| Petitioner: | Yes, ma'am. |

(Crim. Dkt. 51, p. 11-13.) The Court next proceeded to explain to Petitioner the process of the stipulated-facts trial:

| | |
|---|---|
| The Court: | Now, if we proceed by way of the stipulation and agreement, there will not be any witnesses called, because you have agreed this is what the witnesses will testify to, and this is what the facts of the case are. So, we would not call any witnesses, and I would make my decision based on the stipulation and the agreement; and I will tell you, because you have given it to me, that I have read the stipulation and the agreement; and based on what has been stipulated to and agreed to, I would render a finding of guilty as to both Counts 1 and 2.<br><br>So, I want to make sure that you know that that's how you're proceeding; and if you want to proceed with a non-jury trial in which the Government calls witnesses and they must prove beyond a reasonable doubt by those witnesses, that's fine, too. That's your right, and I don't [sic] any problem in doing that, and I could set this off for another day and we can proceed that way. |
| Petitioner: | No, ma'am. I'm fine with the way we're going here. |
| The Court: | All right. Have you discussed it with [your counsel]? |
| Petitioner: | Yes, ma'am. |

(Crim. Dkt. 51, p. 17-18.) Petitioner then acknowledged that he signed the stipulation and agreed that "no evidence need be presented by the United States at trial or any further proceedings regarding the same." (Crim. Dkt. 51, p. 19.)

Based on the foregoing, it is clear that Petitioner knowingly waived his right to a jury trial and stipulated to the facts of the case. The Court provided Petitioner with an opportunity to exercise his right to a jury trial, but Petitioner declined, stating, "I don't feel I should waste their time." Petitioner repeatedly acknowledged his understanding that he was giving up his constitutional right to a jury trial, and his agreement to proceed with the stipulated-facts trial. Petitioner has failed to demonstrate how his counsel's performance was deficient in advising him

9

to waive his right to a jury trial and proceed to a stipulated-facts trial, and the Court will not question the sound tactical decisions of his attorney. A tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) (citing *Strickland*, 466 U.S. at 1254)). Petitioner has failed to meet this high burden.

Petitioner's argument that his counsel had a conflict of interest is supported only by his own self-serving "evidence." He claims that his mother overheard his counsel making certain remarks concerning his case to a fellow attorney in the courthouse elevator after Petitioner's arraignment. Petitioner claims that his counsel stated, "He should go away for a long time if not forever. All of these court hearings are just a waste of taxpayer's money," and that "it was a waste of time."

Even assuming these allegations are true, Petitioner has not demonstrated how his counsel's alleged conflict of interest adversely affected his counsel's performance. To establish an adverse effect from a conflict of interest, a petitioner must show: "(1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense." *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001). Petitioner has not established any of these requirements. Accordingly, the Court rejects this argument.

### G. Statement on Need for Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing only if his allegations, if proved, would establish his right to collateral relief. *Townsend v. Sain*, 372 U.S. 293, 307, 83 S. Ct. 745, 9 L.

Ed. 2d 770 (1963).  The burden is on the petitioner to establish the need for an evidentiary hearing.  *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc).  Here, Petitioner has not established any basis for an evidentiary hearing because his § 2255 motion lacks merit.

## III.    Conclusion

Having reviewed both the criminal and civil case files including Petitioner's motion, the Government's response, and Petitioner's reply, the Court finds that Petitioner's § 2255 motion must be **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of April, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner